**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-1497

KARL V. DAVID,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-94-39-3)

Submitted: May 19, 1998

Decided: July 21, 1998

Before ERVIN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard E. Gardiner, Fairfax, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, G. Wingate Grant, Assistant United States
Attorney, N. George Metcalf, Assistant United States Attorney, Rich-
mond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Karl V. David appeals the district court's order denying his motion for attorney's fees under 18 U.S.C.A. § 924(d)(2)(B) (West Supp. 1998). A jury convicted David in 1994 of making a false statement to a department or agency of the United States in violation of 18 U.S.C. § 1001 (1994). We vacated David's conviction and remanded for a new trial in light of the Supreme Court's decision in United States v. Gaudin, 515 U.S. 506 (1995) (holding that element of materiality in § 1001 must be submitted to jury), which was decided while David's direct criminal appeal was pending. See United States v. David, 83 F.3d 638 (4th Cir. 1996). On remand, the superseding indictment was reinstated, charging David with the § 1001 violation and violations of 18 U.S.C. §§ 922(n), 924(a)(1)(A) (1994). A jury acquitted David on all charges.

David then filed his § 924(d)(2)(B) motion, contending that he was entitled to attorney's fees because his prosecution was "without foundation." The district court denied David's motion, holding that (1) the § 1001 violation did not fall within the purview of § 924(d)(2)(B); and (2) the remaining charges were not "without foundation" because there was a valid indictment and because a finding of reasonable doubt cannot be equated with a finding that a case was without foundation.

We have carefully examined the record, the briefs, and the opinion of the district court. We agree with the district court that David failed to satisfy the requirements of § 924(d)(2)(B) and, therefore, affirm the denial of attorney's fees on the reasoning of the district court. See United States v. David, No. CR-94-39-3 (E.D. Va. Mar. 7, 1997). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED